## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

       v.            :        **CRIMINAL NO. 23-96**

YANTHONIC HERRERA      :

### INTRINSIC EVIDENCE THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Jason D. Grenell and Matthew T. Newcomer, Assistant United States Attorneys for the district, respectfully submit the following as further explanation on what evidence the government intends to introduce at trial in connection with several cellular phones seized on the date of the charged offense, July 23, 2019. This evidence was recovered from various phones that the government will prove belonged to the defendant. It is direct intrinsic evidence in that it will be introduced to prove that the defendant possessed the drugs recovered from his Elkins Park apartment with the intent to distribute them.

## I.    THE EVIDENCE

### Phone #1

### *iPhone found on the dresser in the master bedroom of Elkins Park[1]*

1. User Attribution Evidence:

    a. There is a video of the H2 Hummer that Herrera was seen driving on multiple occasions and that was parked at the Elkins Park apartment on the date of the search warrant. The video is dated 1/17/19.

---

[1] There is no account information associated with this phone.

    b. Various photographs taken with the phone.

        i. A photo dated 1/15/19 of the lower half of a male in the living room of what appears to be the Elkins Park apartment.

        ii. A photo dated 2/1/19 of the comforter found in the master bedroom of what appears to be the Elkins Park apartment..

        iii. A photo of the top of the doorway of one of the doors of what appears to be the Elkins Park apartment, dated 2/1/19.

    c. Video of the Herrera counting money

        i. The face of the person counting the money is not visible, but his voice is audible. Agent Wickman will testify that the individual speaking in this video is Herrera. Hererra is counting money on the glass table found at Elkins Park. This establishes not only that this phone belonged to him, but that the drugs recovered from the property were his. The video is dated 3/18/19.

        ii. Screenshots from the video:



        iii. Image taken from day of the search, showing what appears to be the

2

identical glass table pictured in the money-counting video:



2. Evidence tying the defendant to the charges:

    a. Text string between this device and an unknown individual at 215-715-8047



    i. Those images are from 3/18/19 and are enlarged below:





ii. Below are photos from the tally books recovered from the Elkins Park apartment on the day of the search, which match the first image above:



iii.  Below is another image from the tally book, which shows the completed tally work seen in the second image from the phone:



b.  The below are examples from the defendant's internet search history on this phone, which show him researching how to manufacture the type of narcotics found inside the Elkins Park apartment:

5

Web History (3)

| # | Title | URL | Last Visited | Visits | Usage Pattern | Source Info | Deleted |
|---|-------|-----|--------------|--------|---------------|-------------|---------|
| 1 | whats the formula to fentanyl - Google Search | https://www.google.com/search?ei=5NaWXMwd8fDy5gKdsZ7gDw&q=whats+the+formula+to+fentanyl&oq=f&gs_l=mobile-gws-wiz-serp.1.0.41.0.0..96800...0.0..0.0.0.......0...1........1.tkWLmzFhuUI#sbfbu=1 | 3/23/2019 9:03:05 PM(UTC-4) | | | Source: KnowledgeC Source Extraction: Legacy Source file: c85454e2f3f28ce0f526540380 33b69bd8bc39 d3_files_full.zip /private/var/mobile/Library/CoreDuet/KnowledgeC/knowledgeC.db 0x124B654 (Table: ZOBJECT, ZSTRUCTUREDMETADATA, Size: 27893760 bytes) | |
| 2 | whats the formula to fentanyl - Google Search | https://www.google.com/search?source=hp&ei=rdaWXN3WLKax5wKF7pmAAg&q=whats+the+formula+to+fentanyl&oq=whats+th e+formula+to+fentanyl&gs_l=mobile-gws-wiz-hp.1.0.33i160.3141.52158..53643...3.0..0.242.4672.7j23j2......0...1......0i131i0j46i4 6i131i46i275j50i131i70i256j10i0i70i256j0i22i30j0i13i30j9i8i13i30j33i22i29i30..HB-cNHJrK-0 | 3/23/2019 9:01:30 PM(UTC-4) | | | Source: KnowledgeC Source Extraction: Legacy Source file: c85454e2f3f28ce0f526540380 33b69bd8bc39 d3_files_full.zip /private/var/mobile/Library/CoreDuet/KnowledgeC/knowledgeC.db 0x124BA97 (Table: ZOBJECT, ZSTRUCTUREDMETADATA, Size: 27893760 bytes) | |
| 3 | whats the formula to fentanyl - Google Search | https://www.google.com/search?source=hp&ei=rdaWXN3WLKax5wKF7pmAAg&q=whats+the+formula+to+fentanyl&oq=whats+th e+formula+to+fentanyl&gs_l=mobile-gws-wiz-hp.1.0.33i160.3141.52158..53643...3.0..0.242.4672.7j23j2......0...1......0i131i0j46i4 6i131i46i275j50i131i70i256j10i0i70i256j0i22i30j0i13i30j9i8i13i30j33i22i29i30..HB-cNHJrK-0 | 3/23/2019 9:01:24 PM(UTC-4) | 1 | | Source: Safari Source Extraction: Legacy Source file: c85454e2f3f28ce0f526540380 33b69bd8bc39 d3_files_full.zip /private/var/mobile/Containers/Data/Application/8D6CE010-1442-4603-BAF0-8A9DF1318AF8/Library/Safari/History.db-wal : 0x10E1F3 (Table: history_visits, history_items, Size: 1567392 bytes) | |

c. Attached as Exhibit A is a series of photographs taken on this phone that range from the date of 1/22/19 to 3/27/19. They are photographs of the type of tally work described above, and they are similar if not identical to the type of tally work found in the Elkins Park apartment. Exhibit A also includes screen shots of the defendant "facetiming" someone images of the tally work. In these images the defendant is clearly seen. Examples from Exhibit A are seen below:



This screenshot is dated 3/12/19.

i. Below is an image from the tally work recovered the day of the search from the Elkins Park apartment:



ii. Below is an image of the defendant:



d. Another image from this phone the government intends to introduce is below:



    i. Below is an image of the matching tally work recovered from the Elkins Park apartment.



    e. Below is an image of a "Jet" box that was taken on the defendant's phone on 2/1/19:



i. Below is an image of what appears to be the same "Jet" box in the bedroom where the bagging operation was located in the Elkins Park apartment:



**Phone #2**

*iPhone found on the dresser in the master bedroom of Elkins Park*

**Phone Username: "yonyon1999@icloud.com" and "manzanaverde21@icloud.com"[2]**

1. User Attribution Evidence:

   a. Name in the phone's information: "yonyon"

   b. This phone contains various videos of the defendant singing in a car. Those reports and their corresponding dates are attached as Exhibit B.

2. Evidence tying the defendant to the charges.

   a. The image below was created on this phone on 5/14/19. While it is different than the ultimate "LAMBO" stamp found on the drugs at the Elkins Park apartment, both are clearly a reference to the Lamborghini luxury car brand, though this seems to be an earlier iteration of that stamp.



   b. This phone has a text conversation with phone number 858-262-4586. On 12/7/18 the phone texted this number an image of someone holding Herrera's daughter. The comforter in this photo matches the comforter found in the Elkins Park apartment during the search, as pictured below.

---

[2] One of the usernames for the iPhone seized from the Buick (Phone #4, discussed below), is also "manzanaverde21@icloud.com."



    i.  This is an image of the bed from Elkins Park:



c.  On that same chain the defendant texts the same number complaining about the quality of drugs he is cooking up in a spoon (a common method for testing and injecting fentanyl/heroin of the type found in the Elkins Park apartment). An official translation will be provided in advance of trial but in summary the text states that, "I don't think this came out right for me, it looks weird."



d.  The "yonyon" phone had a text string with phone number 215-501-3664, which is assigned contact name "Cuervo."

    i.  On 10/10/18, the "yonyon" phone sent the below image to the Cuervo phone with the below statement. Again, this will be translated but roughly states, "This is 10 light these people say that it was like this the other time and I didn't do anything about it and I paid "cm.""



ii.  Below is an image of the scale in the photo, enlarged:



iii.  Below is an image of the scale recovered on the bagging table at the Elkins Park apartment, zoomed out and again zoomed in:





iv. Side by side:



e.   The below is a screenshot from a video taken in Herrera's car. The individual in the passenger seat appears to be a heroin/fentanyl user who has "nodded off." Herrera's face is clearly seen at the end of this video. The video was taken on 5/28/19 and sent to phone number +12672657489. This will mainly be used for user attribution evidence.





f.   On 12/6/18 phone number +12677093206 texts the "yonyon" phone the below

image of a box of xylazine horse tranquilizer, a common cutting agent for heroin fentanyl that was found in the drugs recovered from the Elkins Park apartment:



g.  On 11/21/18 the "yonyon" phone sends the following image to phone number +19175282689:



17

**Phone #3**

***iPhone found in living room of the Elkins Park apartment***

**Two user names: "josediaz1234567@icloud.com" and "Jondoppms@icloud.com"**

1.  User Attribution Evidence:

    a.  There are audio recordings from 12/11/18 on this phone. Agent Wickman will identify this speaker as Myriam Sevilla, Herrera's girlfriend and lessee on the lease for the Elkins Park apartment. In the recordings, Herrera is yelling at someone. Based on the contents of that conversation the government alleges that person is Yanthonic Herrera. Below is a transcription of that audio:

        i.  CALL 1

            Speaker #1

            "*You think I wanna do whatever I want then go ahead take whatever you want. Don't ---(indecipherable)- Because the only one who don't know what the fuck they want is you. The only one who doesn't know how to keep a fucking family is you. Why? Because you wanna take your fucking job where you live you dumb ass fucking [racial slur].*"

        ii. CALL 2

            Speaker #1

            "*...would've happened to the baby because I told her to clean it up yesterday. If something would've happened, we would've all got in trouble, so you talk about you got too much going for yourself? You don't even clean up after yourself at the fucking house, so you're dumb. And, yeah I be havin' a fucking attitude, why? Because I have to come home and see a whole bunch a fucking [racial slur]'s all the fucking time 24/7. I can't even fucking walk around the house fucking naked. I can't do nothing because there's always somebody there. Okay and then you talk about – (cut off)*"

    b.  There is a video on the phone that was clearly made by a baby holding the phone, and it clearly shows Sevilla and the interior of the Elkins Park apartment. This video is from 12/31/18.

    c.  There are a series of videos from 12/15/2018 that depict an individual overdosing at an address in Kensington. The videos contain what the agents

18

will testify is Herrera's voice. The government intends to introduce them for that purpose. However, in the alternative, and given the graphic nature of the videos, the government is prepared to have the agent simply testify either to just the audio or that the audio exists on the phone.[3]

2.  Evidence tying the defendant to the charges.

    a.  Attached as Exhibit C is a text message chain between this device and phone number +12677044425, with contact name "Gia Teca." Agent Wickman will testify that he has met, interviewed, and spoken to Ms. Teca. The text chain ranges from 12/13/18 to 1/6/19. Below are some examples of these messages tying Herrera to the stamps found at the Elkins Park apartment.

        i.  From Gia to this device on 12/27/18, "Lambo is the winner ;)."

        ii.  The below text string appears between the parties. "Sleepy Time" and "Flat Line" were both stamps recovered from that apartment.

| Direction:<br>Incoming | | | | |
|---|---|---|---|---|
| From<br>+12674230936<br>To<br>+12677044425<br>Gia Teca* | 1/2/2019<br>10:38:48 PM(UTC-5) | | Sent | Ok |
| Direction:<br>Outgoing | | | | |
| To<br>+12674230936<br>From<br>+12677044425<br>Gia Teca* | 1/2/2019<br>7:38:50 PM(UTC-5) | Read:<br>1/2/2019<br>10:36:40<br>PM(UTC-5) | Read | Hey. im still getting really opposite mixed reviews...confusing the shit outta me but I'll need to c u tomorrow if we can. Anything. new & improved though? Word is that it needs more legs bc its not holding long. Still decent rush depending how many u do. But the original (fat & nonstick) RR is still requested if poss to get that fire i would do anything!!! If not then i guess mix of the FL & ST again....lmk :) |
| Direction:<br>Incoming | | | | |
| To<br>+12674230936<br>From<br>+12677044425<br>Gia Teca* | 1/1/2019<br>1:22:12 PM(UTC-5) | Read:<br>1/1/2019<br>5:36:53 PM(UTC-5) | Read | The new ST samp from last night is the winner. Gonna need more if u can. Ill have ur $ by the end of the night |
| Direction:<br>Incoming | | | | |

        iii.  From Ms. Teca to this device on 12/24/18, "Its straight d. No one is feeling shit. Idk what to do with these. Id like to switch these back for something else like walking dead, red rum, or flatline but i cant sell this. If youll take 3 back ill still keep 2 bs to try to get off ..... ?"

    b.  On 12/15/18 this device sent phone number 267-761-6911 a video of Gia Teca passed out on a table.

    c.  On 12/28/18 this device sent a screenshot to phone number 267-370-2812

---

[3] The government can play these videos during the evidentiary hearing, as necessary.

with contact name "B." The screen shot was of a conversation the device phone was having with Gia Teca, as seen below. The text string also establishes that Herrera and his associates would change phones.



d.    Below is a screenshot of a text discussion regarding the "handicap" brand of fentanyl, which was one of the stamps recovered at the Elkins Park apartment.



i.

e.  Communications with phone number +12672267420 are attached as Exhibit D. These are also screen shots of conversations that Herrera had with Gia Teca and also photos of more tally work.

f.  On several dates in December of 2018 the defendant looked up, "federal guidelines for fentanyl" and "federal guidelines for 100 gram" on his phone's internet browser.

g.  On 11/25/18, the defendant videoed a user that he was asking about drugs. The defendant's voice can be heard on the video.

h.  On 12/20/18 the defendant made a video on this device of himself mixing or cutting up drugs. A screenshot is seen below:



ii.In that video the following drug stamp can be seen:



iii.  That same "danger" stamp was recovered at the Elkins Park apartment, as depicted below:



### Phone #4

***iPhone found in the Buick abandoned by Herrera on July 23, 2019***

### Phone Username "manzanaverde21@icloud.com"[4]

1. User attribution evidence:

    a. This was the phone found in the Buick that Herrera fled from.

2. Evidence tying the defendant to the drugs in the Elkins Park apartment.

    a. There are three videos taken on 7/2/19 (a few weeks before the search) that contain the defendant's voice. He is taking videos of drug users.

    b. On 6/28/19, the phone's web history contains several searches for Narcan and whether it is available at Walgreens. Narcan is a drug used to resuscitate opioid users who are overdosing.

    c. On 6/19/19 Herrera sent a message to 267-939-0951 stating the following, "3180 pop this shit getting corney and it's adding up like every time u short all this hundreds like u owe the 1800 old and all that ever time I Gave u the 30 u paid 25 the 30 that u saidwas empty never brought it back like I can't keep losing real shit it ain't even worth it." This text shows Herrera was dealing drugs several weeks before the search warrant.

---

[4] One of the usernames for the iPhone seized from the master bedroom at the Elkins Park apartment (Phone #2 discussed above), is also "manzanaverde21@icloud.com."

d. On July 4, 2019, just days before the search warrant, Herrera texted that same 267-939-0951 number the following message, "Pop I got to go I can't keep riding around with this." The government would argue that the defendant is speaking about needing to get rid of the bulk amount of drugs that were found in his Elkins Park apartment during the search.

e. On July 2, 2019, Herrera, on this device, the defendant made a video of a group of users buying drugs on Wishart Street.

The government will present this evidence and further argument at the hearing scheduled for February 9, 2024.

## II.   THE EVIDENCE IS EQUALLY ADMISSIBLE UNDER RULE 404(B)

As set forth in our trial memorandum, the government maintains its position that the evidence presented herein is intrinsic and that no further analysis is required for its admission, provided a foundation is otherwise properly laid. *See United States v. Hoffecker*, 530 F.3d 137, 189-90 (3d Cir. 2008). Nevertheless, this evidence would also be properly admissible extrinsic evidence under Federal Rule of Evidence 404(b).

Rule 404(b) applies to evidence of wrongful acts that are "extrinsic" to the charged offense. Rule 404(b) provides that while evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show conformity therewith, such evidence may be used for other purposes. Indeed, such evidence shall be admitted if relevant for any other purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime. *See United States v. Long*, 574 F.2d 761, 765 (3d Cir.1978), *cert. denied*, 439 U.S. 985 (1978). "*In Huddleston v. United States*, 485 U.S. 681 (1988), the Supreme Court set out a four-part test for admission of Rule 404(b) evidence: (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited

24

purposes for which it is admitted." *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003). Further, Rule 404(b) makes no distinction between acts prior to and subsequent to the charged conduct. *See United States v. Bergrin*, 682 F.3d 261, 281 n.25 (3d Cir. 2012.

  The proffered evidence outlined above meets all the criteria for admissibility under Rule 404(b). First, the proffered evidence is being admitted to identify the defendant and tie him directly to the drugs found at the Elkins Park apartment, and to prove that he had the motive and intent to sell these drugs, which is an element of the offense charged. Second, the evidence is relevant because it directly proves that it was this defendant who possessed these drugs with the intent to distribute them. Third, any prejudice to the defendant is not unfair, and in any event is outweighed by the high probative value of the evidence; among other things, the evidence demonstrates that Herrera was a dealer of the very same "brands" or "stamps" of heroin/fentanyl found in his apartment. Finally, the government submits a proper limiting charge by the Court to the jury will cure any risk of unfair prejudice.

  Nor is the proffered evidence properly excludable under Rule 403, as its potentially prejudicial impact is not "substantially outweighed" by its highly probative value. *See* Fed. R. Evid. 403, Advisory Committee Notes ("unfair prejudice" refers to an undue tendency to suggest a decision on an improper basis). The remedy of exclusion is "extraordinary" and should be applied sparingly, while the balance should be struck in favor of admissibility. *See United States v. Terzado-Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990); *accord, United States v. Dennis*, 625 F.2d 782, 797 (8th Cir. 1980); *United States v. Day*, 591 F.2d 861, 878 (D.C. Cir. 1978). The application of the Rule "does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone." *United States v. Cross*, 308 F.3d 308, 325 (3d Cir. 2002) (internal citation omitted). Finally, the Third Circuit has upheld the admission

of arguably Rule 404(b) evidence which was, the government submits, far more prejudicial than that found on Herrera's phone.  For example, in *United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010), the defendant was charged with attempted possession of a kilogram of cocaine with intent to distribute. The Court held that the district court did not abuse its discretion in admitting evidence regarding the defendant's efforts to acquire dynamite in order to kill an undercover officer involved in an earlier case, because the evidence helped explain the conversations between the defendant and a cooperator, and to explain the cooperator's motives in assisting law enforcement. The Court added: "We note that we have rejected Rule 403 challenges to the admission of evidence that was just as prejudicial as the evidence at issue here.  *See, e.g., United States v. Scarfo*, 850 F.2d 1015, 1020 (3d Cir. 1988) (evidence of uncharged murders); *United States v. Sriyut*h, 98 F.3d 739, 748 (3d Cir.1996) (evidence of uncharged rape). *See also United States v. Daraio*, 445 F.3d 253, 264 66 (3d Cir. 2006) (holding that evidence of defendant's uncharged tax evasion was relevant and admissible to show defendant's intent in failing to pay over payroll taxes).

### III.    <u>**CONCLUSION**</u>

For the foregoing reasons, as well as those articulated in the government's trial memorandum, and during argument during the pretrial conference, the government respectfully submits that the proffered evidence is properly admissible as intrinsic evidence (provided a proper foundation is laid at trial, of course), and moreover that the evidence is also admissible under a Rule 404(b) analysis.

Respectfully submitted,

JACQUELINE C. ROMERO
Acting United States Attorney


*/s/ Jason D. Grenell*
JASON D. GRENELL
MATTHEW T. NEWCOMER
Assistant United States Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served by

CM/ECF/email on:

Jack McMahon, Esq.
Counsel of record for Yanthonic Herrera

<br>

     */s/ Jason D. Grenell*
JASON D. GRENELL
MATTHEW T. NEWCOMER
Assistant United States Attorneys

Dated: February 6, 2024