IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 23-96 |
| YANTHONIC HERRERA | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE*

The United States of America, by and through its attorneys, Jacqueline C. Romero,

United States Attorney for the Eastern District of Pennsylvania, and Jason D. Grenell, Assistant

United States Attorney, files this response to defendant Herrera's motions *in limine* .

### PROCEDURAL BACKGROUND

Following this Court's ruling on several motions the government made multiple motions

*in limine*. ECF 128. For the following reasons each motion should either be denied or denied as

moot.

### I.   THE VIDEOS ON THE DEFENDANT'S PHONES SHOULD BE ADMITTED

#### a.   The videos do not run afoul of Rule 403.[1]

The government concedes the videos that the defendant references are disturbing,

however, the defendant put them at issue through his own conduct and they are properly

admitted at trial. The government intends to introduce the following videos at trial:[2]

> 1.   Gov. Ex. 6A-C – are videos filmed on the "Buick Phone[3]," by the

---

[1] This Court has already granted the government's motion to include this evidence at trial. ECF 119. That motion was unopposed. Many of the defendant's arguments were addressed in the government's filing, ECF 78, including the evidence's admissibility under rules 402, 403, and 404(b). The government incorporates those arguments herein.
[2] The government will introduce other videos. This list is not meant to be exhaustive but rather address the videos raised in the defendant's motion *in limine*.
[3] Phone found in the Buick the defendant fled from.

defendant of a person clearly under the effects of fentanyl. The intended use is to show that the defendant is the user of the phone, as his voice can be heard, and that the drugs found in his apartment were meant to be distributed. This video is from July 2, 2019.

2. E Gov. Ex. 9A – is a video taken by the defendant on the "Buick Phone," which appears to be a large gathering of people purchasing drugs near Wishart Street. The video was taken on July 2, 2019. The intended use is to show that the defendant is the user of the phone, as his voice can be heard.

3. Gov. Ex. 12C. is a string of text messages on the "Jond Phone[4]," between the defendant and someone named "Gia Teca." These are extensive conversations about the quality of the fentanyl that the defendant is distributing. Many of the stamps discussed are the stamps found in the defendant's apartment. This evidence will be admitted to show that the defendant intended to distribute the fentanyl found.

4. Gov. Ex. 12F3a-b are videos taken on the "Jond Phone," of Gia clearly intoxicated and passed out. These videos were taken contemporaneously with the above referenced text messages. Agent Wickman can identify Gia from the video. This evidence will be used to corroborate the above text messages were indeed about controlled substances and to show the defendant intended to distribute the fentanyl found.

---

4 iPhone found in living room of the Elkins Park apartment.

5. Gov. Ex. 12F1a-c and 12F2c are videos taken on the "Jond Phone," in a room that appears to be a communal place to consume heroin/fentanyl. The room is full of several users and one of them is clearly overdosing. The defendant's voice can be heard throughout the video. The intended use is to show that the defendant is the user of the phone, as his voice can be heard, and that the drugs found in his apartment were meant to be distributed.

6. Gov. Ex. 12F2 is a video taken on the "Jond Phone," of an individual discussing the quality of the controlled substances the defendant appears to have just given to him. The defendant goes on to say it is from "Wishart," the location of the other video of the buyers. The intended use is to show that the defendant is the user of the phone, as his voice can be heard, and that the drugs found in his apartment were meant to be distributed.

7. Gov. Ex. 14A1 is a video taken from the "Yon yon," phone. The video is taken in Herrera's car. The individual in the passenger seat appears to be a heroin/fentanyl user who has "nodded off." Herrera's face is clearly seen at the end of this video. The video was taken on 5/28/19 and sent to phone number +12672657489. This will mainly be used for user attribution evidence.

The proffered evidence is not properly excludable under Rule 403, as its potentially prejudicial impact is not "substantially outweighed" by its highly probative value. *See* Fed. R. Evid. 403, Advisory Committee Notes ("unfair prejudice" refers to an undue tendency to suggest

a decision on an improper basis). The remedy of exclusion is "extraordinary" and should be

applied sparingly, while the balance should be struck in favor of admissibility. *See United States*

*v. Terzado-Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990); *accord, United States v. Dennis*, 625

F.2d 782, 797 (8th Cir. 1980); *United States v. Day*, 591 F.2d 861, 878 (D.C. Cir. 1978). The

application of the Rule "does not generally require the government to sanitize its case, to deflate

its witnesses' testimony, or to tell its story in a monotone." *United States v. Cross*, 308 F.3d 308,

325 (3d Cir. 2002) (internal citation omitted). Finally, the Third Circuit has upheld the admission

of arguably Rule 404(b) evidence which was, the government submits, far more prejudicial than

that found on Herrera's phone.   For example, in *United States v. Green*, 617 F.3d 233, 247 (3d

Cir. 2010), the defendant was charged with attempted possession of a kilogram of cocaine with

intent to distribute. The Court held that the district court did not abuse its discretion in admitting

evidence regarding the defendant's efforts to acquire dynamite in order to kill an undercover

officer involved in an earlier case, because the evidence helped explain the conversations

between the defendant and a cooperator, and to explain the cooperator's motives in assisting law

enforcement. The Court added: "We note that we have rejected Rule 403 challenges to the

admission of evidence that was just as prejudicial as the evidence at issue here.   *See, e.g., United*

*States v. Scarfo*, 850 F.2d 1015, 1020 (3d Cir. 1988) (evidence of uncharged murders); *United*

*States v. Sriyut*h, 98 F.3d 739, 748 (3d Cir.1996) (evidence of uncharged rape). *See also United*

*States v. Daraio*, 445 F.3d 253, 264 66 (3d Cir. 2006) (holding that evidence of defendant's

uncharged tax evasion was relevant and admissible to show defendant's intent in failing to pay

over payroll taxes).

### b.  The statements in the videos are not hearsay.

The statements of second or third parties contained in recorded conversations of the

defendants are properly admitted to place the defendants' statements in context. *See United*

*States v. D'Arco*, 1991 WL 235934 (N.D. Ill. 1991). "Nor can a defendant, having made

admissions, keep from the jury other segments of the discussion reasonably required to place

those admissions into context." *McDowell*, 918 F.2d at 1007. *See also United States v. Stelten,*

867 F.2d 453, 454 (8th Cir. 1989) (court found that statements of a third party which were on a

tape recorded conversation between defendant, an undercover agent and the third party were

admissible to ensure completeness and intelligibility of the defendant's admissions which were

on the tape); *United States. v. Gutierrez-Chavez*, 842 F.2d 77, 81 (5th Cir. 1988); *United States*

*v. Price*, 792 F.2d 994, 996-7 (11th Cir. 1986); *United States v. Whitman*, 771 F.2d 1348, 1351-

52 (9th Cir. 1985); *United States v. Murray*, 618 F.2d 892, 900 (2d Cir. 1980) (statements by a

third party contained on tape recorded conversations between a third party and a defendant are

not hearsay when they are not offered for the truth, but offered to ensure the completeness and

intelligibility of the defendant's admissions; once properly authenticated the tape recorded

conversations are admissible). Thus the videos are admissible as the statements made by other

individuals are offered to complete the conversations and put the defendant's statements in

context.

## II.    OFFICER CULLEN'S OBSERVATIONS ARE ADMISSIBLE

The defendant has offered no basis in fact or law for to justify the exclusion of Officer

Cullen's testimony. The subject of Officer Cullen's testimony has been provided in the form of

the warrant. His observations are relevant to the crime charged. There is no other documentation

as to this observation nor is there a requirement to document this observation in any other way.

There is no rule that stands for the proposition that the FBI must create a record of every

observation made. The government is unaware of any case standing for the remedy that the

defendant seeks and notably the defendant cites no rule or case in his motion *in limine.* If called,

Officer Cullen should be permitted to testify as to his observations.

### III.    RACHEL STEVENS TESTIMONY

If the government calls Ms. Stevens at trial, the government will not intentionally solicit

inadmissible hearsay from Ms. Stevens. The rest of the defendant's motion *in limine* seems to

imply that the government would attempt to solicit from another witness statements from Ms.

Stevens' interview record. If that is what the motion is moving to exclude, the government does

not intend to have anyone testify to Ms. Stevens statements or observations except Ms. Stevens.

### IV.    DEFENDANT'S PRIOR CONVICTION

This Court has already ruled that should the defendant testify, his prior conviction will be

admissible under Rule 609. ECF 118.

### V.    CROSS EXAMINATION RELATING TO THE DEFENDANT'S REMOVAL TO THE UNITED STATES

Cross examination on this issue is improper for several reasons. First, none of the

individuals that will testify in this trial prepared the document referenced by the defendant.

Second, none of the individuals that will testify at trial had any knowledge that the Dominican

Authorities and United States Marshals had located, arrested and/or removed the defendant from

the Dominican Republic until the defendant was already on his way to the United States. Thus,

the credibility of these witnesses is not at issue because they did not intentionally or

inadvertently state something in a document that later proved to be false. There is no relevance in

cross-examining these witnesses about the potential falsehood of another individual.

Additionally, this testimony does have the potential of running afoul of rule 403. Given that there

is zero relevance of this evidence in relation to these witnesses, it is hard to discern any other

reason to solicit this testimony than to inflame the passions of the jury.

## VI.     THE DEFENDANT'S REMAINING MOTIONS

The government intends to have Special Agent Wickman present at counsel table throughout the trial. The only other witness the government intends to have present during the government's case in chief is the government's drug expert. The government also moves for sequestration of any defense witnesses. The government does not object to the defendant being dressed in "non-jail attire." The government does not object to the defendant's leave to file more motions if necessary.

## CONCLUSION

Based on the foregoing, the government contends the defendant's motions should be denied and/or are moot.

Respectfully submitted,

JACQUELINE C. ROMERO
UNITED STATES ATTORNEY


*/s/ Jason D. Grenell*
JASON D. GRENELL
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that today the Government's Response was filed and served on defense counsel:

Todd Fiore, Esq.
<tfiorelaw@gmail.com>.


_/s/ Jason D. Grenell_
JASON D. GRENELL
Assistant United States Attorney


Dated: December 3, 2024